FILED - LN
February 24, 2022 1:14 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: eod /     SCANNED BY: /2/24

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

Derek Syroka

Plaintiff(s),

v

Eric Schertzing

Defendant(s).

Case No. 1:22-cv-169
Honorable Janet T. Neff
U.S. District Judge

Deprivation of Civil Rights
Title 42, Chpt 21, sub Section 1983

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

<u>DEREK SYROKA</u>
Plaintiff

V.

<u>ERIC SCHERTZING</u>
Defendant

Case No. _____

Hon. _____

Jury Trial: ☑ Yes ☐ No

Derek Syroka

2346 Anchor ct

Holt, MI 48842

517-221-9080

derek.syroka@gmail.com


Eric Schertzing

P.O. Box 215

341 Jefferson st

Mason, MI 48854

517-676-7220

## CAUSE OF CIVIL ACTION

The Ingham County Treasurer Eric Schertzing has charged, received payment for and continues to charge individuals for the use of Mr. Syroka's private property without any expressed permission by Mr. Syroka for the years of 2019, 2020 and 2021. The individuals being charged by Mr. Schertzing include Mr. Syroka and failure to make payment that is demanded is being threatened with a taking of Mr. Syroka's legal rights to the property. This property in dispute is land described as:

*North of the base line, and south of the line between townships four and five north of the base line, and east of the line between ranges two and three west of the principal meridian, and west of the line between ranges two and three east of the meridian.*

In admittance Mr. Schertzing states that as far as he knows neither he, nor his office or any presiding government offices and agencies have any physical proof that they have any level of ownership of the land. This statement is recorded and submitted into evidence. When Mr. Schertzing's clerk of the court received proof from Mr. Syroka's claim Mr. Schertzing and his attorney had Mr. Syroka removed from the legal proceedings and evidence returned back to him in the mail. This action was recorded during the foreclosure hearing of the year 2021 and is submitted into evidence to support this claim. Now Mr. Syroka has been served notice of another foreclosure hearing regarding his property by Mr. Schertzing's office who has already received millions of dollars by charging and threatening other individuals

24  again for the use of Mr. Syroka's property. This notice of hearing is for a case
25  which has no defendants listed and no summons was issued. Mr. Schertzing's
26  attorney Mr. Charles Lawler is the complaint petitioner for the foreclosure
27  hearing and has drafted the complaint using in rem jurisdiction where the
28  property in question is being sued and not the residents of the property.  In
29  rem is only authorized by law when the known owner is suspected of using it
30  for criminal purposes or if the property was involved in a crime but the owner
31  is unknown. See: United States v. 422 Casks of Wine, 26 U.S. 547 (1828),
32  "…nature and order of the proceedings proper in suits in rem, whether arising
33  on the admiralty or exchequer side of the Court. In such suits, the claimant is
34  an actor, and is entitled to come before the Court in that character only, in
35  virtue of his proprietary interest in the thing in controversy; this alone gives
36  him a persona standi in judicio. It is necessary that he should establish his
37  right to that character, as a preliminary to his admission as a party, ad litem,
38  capable of sustaining the litigation. He is therefore, in the regular and proper
39  course of practice, required in the first instance, to put in his claim, **upon oath**,
40  averring in positive terms his proprietary interest. If he refuses so to do, it is a
41  sufficient reason for a rejection of his claim. If the claim be made through the
42  intervention of an agent, the agent is in like manner required to make oath to
43  his belief of the verity of the claim; and if necessary, he may also be required to
44  produce and prove his authority, before he can be admitted to put in the
45  claim. If this is not done, it furnishes matter of exception, and may be insisted
46  upon by the adverse party, for the dismissal of the claim. If the claim be
47  admitted upon this preliminary proof, it is still open to contestation, and, by a
48  suitable exceptive allegation in the admiralty, or, by a correspondent plea in
49  the nature of a plea in abatement, to the person of the claimant, in the
50  exchequer, the facts of proprietary interest, sufficient to support the claim,

may be put in contestation, and formally decided. It is in this stage of the proceedings, and in this only, that the question of the claimant's right is generally open for discussion. If the claim is admitted without objection, and allegations or pleadings to the merits are subsequently put in; it is a waiver of the preliminary inquiry, and an admission that the party is rightly in Court, and capable of contesting the merits. If indeed, it should afterwards appear, upon the trial, even after the merits have been disposed of in favour of the claimants, that the claimant had, in reality, no title to the property; but that the same was the property of a third person, who was not represented by the claimant, or had an adverse interest, or whose rights had been defrauded, it might still be the duty of the Court to retain the property in its own custody, until the true owner might have an opporiunity to interpose a claim, and receive it from the Court."[1]

    This is why one of the documents reflecting ownership that Mr. Syroka sent to the clerk of the court was the notarized affidavit making it a sworn statement (oath) under penalty of perjury. This authorized Mr. Syroka's right to be made party to the case by United State Supreme Court precedent. Mr. Syroka's house attached to the property in litigation is valued at $250,000.00 fair market value. The legal notice says that occupants of the land will lose their property if foreclosure completes for a fine of $16,260.52. This punishment on just these numerical factors is 15 times greater than the fee or fine in question. This is excessive by legal precedent and violates the 8th Amendment of the United States Constitution. See Timbs v. Indiana, 586 U.S. (2019):

---

[1] https://...... (illegible footnote)

"At the time of Timbs's arrest, the police seized a Land Rover SUV Timbs had purchased for $42,000 with money he received from an insurance policy when his father died. The State sought civil forfeiture of Timbs's vehicle, charging that the SUV had been used to transport heroin. Observing that Timbs had recently purchased the vehicle for more than four times the maximum $10,000 monetary fine assessable against him for his drug conviction, the trial court denied the State's request. The vehicle's forfeiture, the court determined, would be grossly disproportionate to the gravity of Timbs's offense, and therefore unconstitutional under the Eighth Amendment's Excessive Fines Clause."

"Held:

... (b) The prohibition embodied in the Excessive Fines Clause carries forward protections found in sources from Magna Carta to the English Bill of Rights to state constitutions from the colonial era to the present day. Protection against excessive fines has been a constant shield throughout Anglo-American history for good reason: Such fines undermine other liberties. They can be used, e.g., to retaliate against or chill the speech of political enemies. They can also be employed, not in service of penal purposes, **but as a source of revenue**. The historical and logical case for concluding that the Fourteenth Amendment incorporates the Excessive Fines Clause is indeed overwhelming. Pp. 3–7."[2]

99

## *EXHIBITS/EVIDENCE*

| 1 | RETURNED MAIL FROM 30TH CIRCUIT COURT | INGHAM COUNTY DIDN'T ADMIT AN AFFIDAVIT TO COURT RECORD AND THEN EXCUSED PROPERTY |
|---|---|---|
| 2 | FAX RECEIPT | PROOF OF SERVICE |
| 3 | NOTARIZED AFFIDAVIT | PROPER CLAIM SUBMISSION FOR IN REM PROCEEDINGS |
| 4 | DECLARATION OF LAND CLAIM | SINCE THERE IS NO LONGER A PHYSICAL TITLE ISSUED FOR LAND |
| 5 | VETERAN'S EXEMPTION FROM STATE TAX | MR. SYROKA IS 100% VA DISABLED AND WOULD QUALIFY FOR TAX EXEMPTION BUT UNNECESSARY SINCE HE'S NOT A CITIZEN OF STATE OF MICHIGAN |
| 6 | DOMICILE (LEGAL RESIDENCY) | MR. SYROKA RESIDES IN THE WESTERN DISTRICT OF MICHIGAN, NOT THE STATE OF MICHIGAN, INGHAM COUNTY OR DELHI TOWNSHIP |

| 7 | NOTICE OF HEARING | NOT A SUMMONS, DEPRIVES CONSTITUTIONAL RIGHTS |
|---|---|---|
| 8 | TRANSCRIPT SECTION OF 19-425-CZ | LINE 13, ATTORNEY FOR TREASURER ADMITS THE ACTION IS IN REM |
| 9 | POST HEARING EMAIL CORRESPONDENCE | MR. SYROKA INFORMS THE PLAINTIFFS THAT THEIR ACTIONS ARE ILLEGAL |
| 10 | NOTICE OF FORECLOSURE EXTENSION | THE TIME PERSCRIBED BY NOTICE IS ALSO WHEN MR. SYROKA'S PROPERTY WAS REMOVED FROM PROCEEDINGS |
| 11 | FINAL ORDER FOR CASE 20-307-CZ, (2 PAGES) | PROOF MR. SYROKA'S PROPERTY WAS REMOVED FROM THE CASE |
| 12 | NOTICE OF HEARING 21-394-CZ | CONTINUANCE OF LEGAL ACTIONS THAT OCCURRED IN A CASE MR. SYROKA'S PROPERTY WAS REMOVED FROM ORIGINALLY |

| 13 | BLACK'S LAW DEFINITIONS (2 PAGES) | INGHAM COUNTY TREASURER ONLY MENTIONS A LEVEL OF OWNERSHIP FOR WHEN PROPERTY IS FORECLOSED |
| --- | --- | --- |
| 14 | LEGAL DICTIONARY'S EXPLANATION FOR IN REM PROCEEDINGS (3 PAGES) | NOTHING MENTIONED ABOUT PROPERTY TAX FORECLOSURE |
| 15 | TREASURY STATE COMMISSIONERS (2 PAGES) | PROOF OF COURT OF ADMINISTRATIVE, EXECUTIVE POWER AND NOT CONSTIUTIONALLY JUDICIAL |
| 16 | CLASSIFIEDS EXPLANATION | LEGAL NOTICE CAN BE SENT BY BROAD PUBLICATION AS MR. SYROKA HAS DONE |
| 17 | STATE TAX COMMISSION BULLETIN (3 PAGES) | PROPERTY FOREFITED IN ERROR + PROOF OF ADMINISTRATIVE COURT |

100

101

## *AUTHORITY*

This court has original jurisdiction to adjudicate this complaint under Title 28 USC chapter 85, subsection 1331 (Federal Question) as this complaint alleges deprivation of U.S. Constitutional rights under Title 42, USC chapter 21, subsection 1983.

## *RESTITUTION*

The petitioner requests this Court grant the Ex Parte Restraining order and cease all legal actions by Eric Schertzing pertaining to the above described property until a new and proper Land Contract that is U.S. Constitutionally compliant can be settled between Ingham County and Derek Syroka through the performance of injunctive relief.  Injuntive relief is proper remedy in the absence of Declatory Decree violation or Declatory Relief was made unavailable, in accordance with Title 42 Chapter 21, subsection 1983 in the United States Code.

Derek Syroka
2-24-2022