UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK SYROKA,

    Plaintiff,

v.

INGHAM COUNTY TREASURER,

    Defendant.

_____/

Case No. 1:22-cv-169

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff Derek Syroka, proceeding *pro se*, filed this action against Defendant Ingham County Treasurer.[1] Defendant filed a Motion to Dismiss and/or for Summary Judgment (ECF No. 8). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (ECF No. 14) recommending that Defendant's Motion be granted because this Court lacked subject matter jurisdiction. The matter is presently before the Court on Plaintiff's objections (ECF No. 15) to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

In the Report and Recommendation, the Magistrate Judge determined that this case arises from Plaintiff's failure to pay real estate taxes, that Plaintiff is seeking an order forbidding

---

[1] Alan Fox became the Ingham County Treasurer on April 5, 2022 (ECF No. 16 at PageID.189), and should be substituted, therefore, for Eric Schertzing as the Defendant in this suit. *See* FED. R. CIV. P. 25(d).

Defendant from collecting real estate taxes assessed on Plaintiff's property, and that the Tax Injunction Act deprives this Court of jurisdiction to address Plaintiff's claim.

Plaintiff's objections do not alter the Magistrate Judge's analysis. He fails to specifically address the Tax Injunction Act in his objections. Instead, Plaintiff argues that this is a "takings" case because there is no "tax agreement between [Plaintiff] and Ingham County for the property that is in this controversy" (ECF No. 15 at PageID.150). There has been no taking in this case. As the Magistrate Judge correctly determined, "[l]ooking past the meaningless legalese set forth in [Plaintiff's] complaint and exhibits, this lawsuit is nothing more than [Plaintiff's] attempt to have this Court enter an order which forbids the Ingham County Treasurer from collecting the real estate taxes assessed against [Plaintiff's] property" (ECF No. 14 at PageID.144). This Court agrees with the Magistrate Judge that the Tax Injunction Act bars this suit. *See Pegross v. Oakland County Treasurer*, 492 F. App'x 380, 384 (6th Cir. 2014). Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

In addition, the Court declines to consider the supplemental evidence that Plaintiff submitted with his objections. Objections to the Report and Recommendation are not the place to present new evidence. *See Murr v. United States*, 200 F.3d 895, 901 n.1 (6th Cir. 2000) (noting that 28 U.S.C. § 631 et seq., "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Furthermore, Plaintiff's supplemental evidence is largely irrelevant and does not alter the Magistrate Judge's analysis.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

2

**IT IS HEREBY ORDERED** that the Objections (ECF No. 15) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 14) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss and/or for Summary Judgment (ECF No. 8) is GRANTED.


Dated:  February 28, 2023                    /s/ Janet T. Neff
                                                                                                        JANET T. NEFF
                                                                                                         United States District Judge